# AFFIDAVIT IN SUPPORT OF COMPLAINT FOR FORFEITURE

I, Doug Carr, (Affiant) being first duly sworn, depose and state:

1. I am currently employed as a Lieutenant with the Kansas Highway Patrol (KHP) and have been so employed for over 24 years. I served 6 years with the Domestic Highway Enforcement Team with the specific mission of criminal interdiction in the State of Kansas. My current assignment with the KHP is as a Task Force Officer with DEA, having been so employed as a TFO for 3 years. Since 2019, I have served as a KHP supervisor while still assigned as a DEA Task Force Group Supervisor, serving in that capacity for over 4 years.

2. In addition to initial training, I have received numerous courses of instruction from the KHP, from a drug interdiction conference sponsored by the Drug Interdiction Assistance Program (DIAP), El Paso Intelligence Center (EPIC), and training provided by the DEA relating to investigative techniques and conducting of narcotics and drug trafficking investigations. I have also attended trainings on supervising a drug enforcement unit. I have participated in and have conducted investigations resulting in the arrests of individuals who received and distributed controlled substances, as well as the seizure of illegal drugs and proceeds derived from the sale of those illegal drugs.

3. I am personally participating in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other DEA agents and other law enforcement officials; from my discussions with witnesses involved in the investigation; and, from my review of records and reports relating to the investigation. This affidavit is submitted in support of a complaint for forfeiture for the following property:

    a. $120,276.00 in United States currency.

4. On or about June 12, 2023, Kansas Highway Patrol Trooper Aaron Miller stopped a 2023 Mazda CX-9 for a traffic violation on southbound I-35 at milepost 198 in Franklin County, in the District of Kansas. The vehicle was being driven by Jesse Aaron Abbott.

5. During the stop, Trooper Miller questioned Abbott and learned/observed the following:

    a. Abbott stated he needed to use a restroom but had driven past an exit that contained multiple gas stations with various signs and the exit had also been signed by the interstate system as services.

    b. He stated he had been driving from Minnesota and was heading to Tulsa because he had been hired by Lionsgate to act in a reality tv show.

    c. The vehicle Abbott was driving had been rented from AVIS Car Rental on June 12, 2023, at 8:00am in St. Paul, Minnesota and needed to be returned on June 13, 2023, at 7:00am in the same location.

    d. It is a 10-hour drive from St. Paul, Minnesota to Tulsa, Oklahoma, meaning Abbott would have had very little time to act and then get the rental car back to Minnesota on time.

    e. Abbott failed to maintain eye contact with Trooper Miller while explaining his trip but maintained eye contact for the rest of the conversation.

6. After talking to Abbott, Trooper Miller returned to his vehicle to check for warrants and prepare a citation for the traffic violation. At the same time, Trooper Miller requested a K9 unit from the Franklin County Sherriff's Office to respond to the location.

7. Abbott did not have any warrants but dispatch informed Trooper Miller that Abbott's license from Minnesota had been revoked since March 27, 2020. Abbott's license had seven suspensions and/or revocations. Trooper Miller then placed Abbott under arrest for driving while license revoked.

8. Based on Trooper Miller's law enforcement experience, training in criminal interdiction and totality of the circumstances, Trooper Miller had reasonable suspicion to believe Abbott was actively involved in criminal activity.

9. Corporal Jayson Wiscombe from the K9 Unit arrived at the scene and conducted a free air sniff with his drug detection canine. The canine concentrated on a bag in the front passenger seat of the vehicle.

10. Trooper Miller and Corporal Wiscombe then conducted a probable cause search of the vehicle. Inside the vehicle they located approximately 2 grams of cocaine, 80 grams of THC edibles, two pills gold in color, a notebook which appeared to be a drug ledger, as well as $120,276.00 in U.S. currency.

11. A black backpack they found in the front passenger seat of the vehicle contained five different packages of THC edibles in manufacturer's packaging, two gold pills, $10,000 in U.S. currency and a notebook that contained names, amounts of money and writing stating "$231,000 in cash."

12. The remaining currency was in the rear compartment of the vehicle within a United States Postal Service box sealed with clear packaging tape. Inside were four large plastic Ziploc bags that were double bagged. Three of the plastic bags contained three large bundles of U.S. currency bundled with rubber bands. One of the bags contained two large bundles of U.S. currency. The currency was packaged consistent with drug proceeds that I have witnessed and investigated.

13. After being transported to the Franklin County Jail, I conducted an interview with Abbott. I let him know that I believed the notebook that was found was a drug ledger and that the currency was mailed to him to transport to Oklahoma.

14. Abbott then stated that I had "put the pieces together." He said he had been working with "farms" in Oklahoma and was bringing the currency to "them." He further stated that he had drivers who had started bringing back marijuana 50 pounds at a time, and the most recent trip had been 100 pounds. Abbott added that he sold the marijuana himself and gave to other people to sell as well.

15. Based upon the information set out above, this Affiant has probable cause to believe that the $120,276.00 seized by the Kansas Highway Patrol constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et. seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. § 853 and 881.

_____
Doug Carr, TFO
DEA

Sworn to and subscribed before me this 10th day of July 20 23

_____
Notary Public
Michelle Stephens

My Commission Expires:
05/23/2024

MICHELLE STEPHENS
Notary Public - State of Kansas
My Appt. Expires 05/23/2024